UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STUTZ AUTO SERVICE, INC., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:14-CV-505 |
| § | |
| UNIVERSAL UNDERWRITERS OF § | |
| TEXAS INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is the "Motion to Compel Appraisal, Compel Plaintiff to Name New Appraiser, and Stay Case Pending Appraisal" filed by Defendant Universal Underwriters of Texas Insurance Company.[1] Plaintiff has not filed a response. Because the motion is now unopposed,[2] the Court considers the motion as soon as practicable.[3] After considering the motion, pleadings, and relevant authority, the Court **GRANTS** the motion.

### I. BACKGROUND

This suit involves insurance-related claims by Plaintiff against Defendant resulting from alleged damages to Plaintiff's property from a hail and wind storm that struck the McAllen area on March 29, 2012.[4] On or about April 16, 2013, Plaintiff retained Insurance Estimating & Appraisal, Inc. ("IEA") "to be its agent and representative under its insurance contract with [Defendant] to appraise the hail/wind loss [claims]."[5] On April 22, 2013, Plaintiff invoked the appraisal process and selected Paul Middleton of IEA to serve as its appraiser through a letter by

---

[1] Dkt. No. 4.
[2] *See* LR7.4.
[3] *See* LR7.2.
[4] *See* Dkt. No. 1, Attach. 2 at pp. 4-10.
[5] *See* Dkt. No. 4, Attach. 2 at p. 4.

Lisa Milstead, an IEA employee.[6] On May 6, 2013, Defendant acknowledged the appraisal demand and named Chad Augspurger of Unified Building Sciences, Inc. ("UBS") as its appraiser.[7]

Defendant alleges and Plaintiff does not contest that Mr. Augspurger made various attempts to contact Mr. Middleton from December 2013 to April 2014 to proceed with the appraisal process, but Mr. Middleton did not respond.[8] On April 22, 2014, Defendant contacted Plaintiff directly, requesting to have Mr. Middleton contact Mr. Augspurger.[9] Defendant has provided the Court copies of Mr. Augspurger's and Defendant's e-mail correspondence supporting these allegations.[10]

On April 30, 2014, Mr. Middleton finally contacted Mr. Augspurger and informed him that he was still the appraiser but Plaintiff had hired an attorney.[11] Plaintiff had actually already filed suit in state court on March 21, 2014.[12] On May 14, 2014, Defendant removed the action to this Court[13] and on August 7, 2014, it filed the instant motion requesting that the Court enforce the appraisal provision of the insurance policy, compel Plaintiff to hire a new appraiser, and stay the case pending completion of the appraisal process.[14]

## II. LEGAL STANDARD

Under Texas law, it is well settled that appraisal clauses are a condition precedent to filing suit.[15] These provisions bind the parties "to have the extent or amount of the loss

---

[6] *Id.* at pp. 2-3.
[7] *See* Dkt. No. 4, Attach. 3 at p. 2.
[8] Dkt. No. 4 at p. 2.
[9] *Id*.
[10] *See* Dkt. No. 4, Attachs. 4-7.
[11] Dkt. No. 4, Attach. 8.
[12] *See* Dkt. No. 1, Attach. 2 at pp. 4-10.
[13] Dkt. No. 1 at ¶ 10.
[14] Dkt. No. 4.
[15] *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009).

determined in a particular way."[16] Therefore, like other contractual provisions, they are "enforceable, absent illegality or waiver."[17] When a party files suit before the appraisal process is completed, the Court has no discretion to deny the appraisal, but the decision to stay the suit pending appraisal is discretionary.[18]

Like many other insurance policies, the appraisal provision at issue here expressly requires that each party select a "competent and impartial appraiser."[19] Texas courts have constantly held that "an appraiser with a financial interest in the outcome of the appraisal is not impartial."[20] Nonetheless, an appraisal agreement subjecting the appraiser's compensation to the settlement award is, without more, generally insufficient to prove bias.[21] Texas law requires "evidence that the appraiser performed 'some act or conduct tending to exhibit his serving the [Plaintiff's] interest as a partisan would.'"[22] For example, in *Gen. Star Indem. Co. v. Spring Creek Vill. Apartments Phase V, Inc.*, the Fourteenth District Court of Appeals of Texas found that the appellant-insurer had presented enough evidence tending to prove partisanship, highlighting as relevant factors the appraiser's contingent compensation *coupled with other facts presented*, such as a significant discrepancy between the two appraisal amounts.[23]

---

[16] *Id.* at 895 (internal quotation marks and citations omitted).

[17] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011).

[18] *EDM Office Servs., Inc. v. Hartford Lloyds Ins. Co.*, 2011 WL 2619069, *6 (S.D. Tex. July 1, 2011) (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002)).

[19] *See* Dkt. No. 4, Attach. 1.

[20] *See, e.g., Gen. Star Indem. Co. v. Spring Creek Vill. Apartments Phase V, Inc.*, 152 S.W.3d 733, 737 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Delaware Underwriters v. Brock*, 211 S.W. 779, 780 (Tex. 1919)).

[21] *See id.* at 737-738.

[22] *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (internal quotation marks and citations omitted).

[23] *Gen. Star Indem. Co.*, 152 S.W.3d at 738.

Similarly, a pre-existing relationship between Plaintiff and the appraiser or appraiser's employer, without more, is insufficient evidence of partisanship.[24] Evidence that the appraiser and Plaintiff established an employer-employee relationship prior to the appraisal process is a strong consideration tending to prove partisanship, as it suggests Plaintiff "influenced or exercised control" over the appraiser.[25] In contrast, an arm's length business relationship, unrelated to the claim at issue, is generally insufficient.[26]

## III.  DISCUSSION

This case represents a clear breach of a condition precedent to filing suit delineated in the contract between the parties. Notably, it was Plaintiff who invoked the appraisal provision of the insurance policy, yet effectively refused to proceed with the appraisal process and filed suit instead without explanation, despite Defendant's multiple attempts to communicate with Plaintiff and its appraiser. Simply put, Plaintiff failed to comply with the appraisal provision he invoked. Additionally, the Court finds no illegality or waiver issues, as Plaintiff requested and Defendant acknowledged and accepted to proceed with the appraisal process. Accordingly, the Court must enforce the appraisal provision.

The Court also finds Mr. Paul Middleton of IEA is not a competent and impartial appraiser under Texas law. Mr. Middleton and IEA entered into an appraiser agreement tying the maximum compensation to the settlement award.[27] While this is certainly no evidence of a pre-existing relationship between IEA and Plaintiff, such contingent agreement denotes bias

---

[24] *See Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786-787 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (pre-existing relationship between insurer and appraiser, without more, was insufficient); *Gardner*, 76 S.W.3d at 143 (same).

[25] *See, e.g., Gardner*, 76 S.W.3d at 143 (finding no evidence that insurer influenced or exercised control over appraiser or that appraiser was ever an employee of insurer); *Franco,* 154 S.W.3d at 787 (finding no bias despite previous business relationship because appraiser was not an employee); *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 255 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.) (finding no bias since appraiser was an independent contractor).

[26] *Gardner,* 76 S.W.3d at 143; *Allison*, 98 S.W.3d at 255.

[27] *See* Dkt. No. 4, Attach. 2 at p. 4.

when coupled with Mr. Middleton's abrupt disappearance and failure to respond to Mr. Augspurger for a period of four months, until Defendant was informed of this lawsuit. At a minimum, Mr. Middleton's conduct illustrates he is not competent to serve as Plaintiff's appraiser and has failed to properly proceed with the appraisal process. Furthermore, the Court notes that Plaintiff is not opposed to the requested relief.

### IV. CONCLUSION

Based on the foregoing considerations, Defendant's motion to compel appraisal is **GRANTED**, and this case is **STAYED** pending the results of that process. The Court also **ORDERS** Plaintiff to name a new, impartial appraiser who can timely and properly proceed with the appraisal process. The case may be reinstated to the active docket on motion by either party filed **no later than fourteen days after the appraisal is completed**.

IT IS SO ORDERED.

DONE this 30th day of September, 2014, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE